IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BADGER DAYLIGHTING LTD, <br><br> Plaintiff, <br><br> vs. <br><br> BADGER EXCAVATING, INC., <br><br> Defendant. | CV 17–1–M–DLC–JCL <br><br> ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on May 31, 2017, recommending denial of Plaintiff Badger Daylighting Ltd.'s motion to dismiss. Plaintiff failed to timely object to the Findings and Recommendation, and so waived its right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Because the parties are familiar with the facts of this case, they will not be repeated here.

Having reviewed the Findings and Recommendation, the Court finds no

-1-

clear error in Judge Lynch's conclusion that Plaintiff's motion should be denied. As discussed by Judge Lynch, despite the fact that Defendant did not register its BADGER marks, subject matter jurisdiction is proper because Defendant's counterclaims are permitted under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014) (even though plaintiff failed to register contested marks, subject matter jurisdiction is proper because section 43(a) "protects against infringement of unregistered marks . . . as well as registered marks"). Further, Defendant has alleged sufficient facts to establish a claim for trademark infringement and unfair competition under section 43(a) of the Lanham Act.

Accordingly, there being no clear error in Judge Lynch's Findings and Recommendation, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendation (Doc. 34) are ADOPTED IN FULL; and

(2) Plaintiff Badger Daylighting's Motion to Dismiss the Amended Counterclaim (Doc. 21) is DENIED.

Dated this 21st day of June, 2017.

Dana L. Christensen, Chief Judge
United States District Court